FILED
U.S. District Court
District of Kansas
02/05/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACKERY J. ASKINS,

    **Plaintiff,**

v.                       CASE NO. 25-3238-JWL

RESEARCH MEDICAL CENTER,

    **Defendants.**

## MEMORANDUM AND ORDER

    This matter is an action originally filed under the Federal Tort Claims Act ("FTCA") by Plaintiff Zackery J. Askins, who is a military prisoner confined at the Midwest Joint Regional Corrections Facility at Fort Leavenworth, Kansas. On December 22, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 13, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 14) and Amended Complaint ("AC") (Doc. 14-1).

    The Court found in the MOSC that Plaintiff did not state a claim under the FTCA. The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper defendant in an FTCA action." *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). Plaintiff did not name the United States as a defendant and did not assert that the defendant, Research Medical Center ("Research"), is a federal institution with federal

employees. In fact, Research is not a government facility; it is owned by HCA Midwest Health. For that reason, Plaintiff did not state a claim under the FTCA.

Plaintiff responds by submitting an amended complaint. He continues to name Research as the sole defendant but changes his cause of action to medical malpractice or medical negligence. Plaintiff alleges in the AC that he was transported to Research in January of 2024 as a military prisoner and diagnosed with acute pancreatitis with pancreatic stones. (AC, Doc. 14-1, at 1.) He was treated at Research "on and off" through May of 2024. *Id*. Plaintiff asserts that Defendant repeatedly released him, claiming he had been treated, only to have Plaintiff readmitted on numerous occasions with life-threatening conditions related to the originally treated condition. *Id*. at 1-2. On one occasion, Plaintiff suffered a rupture of his splenic artery almost immediately upon release from Defendant's care. Plaintiff contends this was due to malpractice and misdiagnosis. *Id*. at 2. On another occasion, Plaintiff suffered a severe infection allegedly caused by Defendant's failure to clean the insertion site or change the bandages on a splenic drain for more than four days while in Defendant's care. *Id*. Plaintiff further alleges that he suffered a septic infection that was present and untreated while in Defendant's care. *Id*.

In addition, Plaintiff contends that Defendant subjected him to under- and/or un-sedated surgery on two occasions. *Id*. During surgery on Plaintiff's spleen, agents of Defendant allegedly severed a nerve causing constant muscle spasms and complications. *Id*. Also during surgery on Plaintiff's spleen, Plaintiff claims that Defendant's agents left partially vivisected necrotic portions of the spleen inside of him. *Id*. Last, Plaintiff asserts that Defendant repeatedly and forcibly discharged Plaintiff while he suffered from life-threatening conditions. *Id*.

Plaintiff seeks $3 million for his physical harm, $2 million for his mental suffering, and other "consequential damages." *Id*. at 3.

2

Case 4:26-cv-00095-DGK    Document 15    Filed 02/05/26    Page 2 of 4

General venue principles are found in 28 U.S.C. § 1391(b), which provides that a civil action may be brought in a judicial district where any defendant resides, a district where a substantial part of the events giving rise to the claim occurred, or, if no district meets those criteria, a district in which a defendant is subject to the court's personal jurisdiction in the action. The Court has reviewed the AC and concludes it is clear from the face that the District of Kansas is not a proper venue for this action. Research is located in Kansas City, Missouri.[1] Therefore, no defendant resides in the District of Kansas, none of the events giving rise to the claims occurred in the District of Kansas, and the events underlying the claims occurred within the Western District of Missouri.

When a case is brought in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To determine whether transfer is in the interest of justice, the Court considers, for example, whether the action would be time-barred if filed anew in the proper venue, whether the claims are likely to have merit, and whether the action was filed in good faith or "filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (citations omitted).

The events underlying Plaintiff's claims occurred between January and May 2024, so dismissing this action and requiring Plaintiff to file a new action in the proper venue could make the new action time-barred. (*See* §516.105, RSMo.) Further, Plaintiff has been granted leave to proceed in forma pauperis in this matter and has paid an initial partial filing fee of $219.00. (*See* Doc. 14.)

---

[1] *See* www.hcamidwest.com/locations/research-medical-center/about-us.

The Court concludes that it is in the interest of justice to transfer this matter to the proper venue.

**IT IS THEREFORE ORDERED BY THE COURT** that this action shall be transferred to the United States District Court for the Western District of Missouri.

**IT IS SO ORDERED**.

**Dated February 5, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**